IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY HAYLES,

        Plaintiff,                              No. 2:09-cv-3061 JFM (PC)

        vs.

DR. ERICA WHEATHERFORD, et al.,

        Defendants.                       <u>ORDER</u>

        Plaintiff filed a motion to compel production of documents. Defendants Dr. Erica Wheatherford and Laura Acuna, RN, sued in their individual capacities, objected to plaintiff's requests on the ground that the requested documents are not in their "possession, custody or control." Plaintiff states that these defendants are able to submit requests to their supervisors for responsive documents.

        The requested documents include (1) all documents that contain, mention, construe or refer to policies on staff supervision of disabled inmates housed in Department of Mental Health ("DMH") at California Medical Facility ("CMF"); (2) all documents that contain, mention, construe or refer to policies on RN Staff's response to injured inmates housed in DMH, including but not limited to duties and responsibilities and general protocol; (3) all documents that contain, mention, construe or refer to policies governing disabled inmates at CMF, including but not limited to the Americans with Disabilities Act manual for the California Department of Corrections ("CDCR") or CMF; (4) all documents that describe Dr. Erica Wheatherford's duties and job responsibilities while working in unit Q2 of the Department of Mental Health, including but not limited to duties and responsibilities that she was required to do that were not in her

general scope of duties and responsibilities; and (5) all documents that describe RN Laura Acuna's duties and job responsibilities while working in unit Q2 of the Department of Mental Health, including but not limited to those that she was required to do that were not included in her general scope of duties and job responsibilities.

Defendants have stated that they do not have the requested documents in their possession, custody or control. The only documents provided by defendants were copies of job notices posted regarding the Staff Psychiatrist position and the Registered nurse position in response to Requests 4 and 5. Dr. Wheatherford is a psychologist at CMF and Ms. Acuna is a registered nurse at CMF.

Federal Rule of Civil Procedure 34 requests may be used to inspect documents, tangible things, or land in the possession, custody, or control of another party. The party seeking production of documents bears the burden of proving that the opposing party has such control. United States v. International Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989). Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand. In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) (documents prepared by Federal Reserve and bank during bank examination were subject to discovery despite Federal Reserve's ownership of documents, in light of apparent relevance of documents and fact that bank had possession of documents). A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. In re Bankers Trust Co., 61 F.3d at 470 (Federal Reserve regulations prohibiting disclosure of confidential documents in party's possession held invalid when conflicting with discovery order).

"Control" need not be actual control; courts construe it broadly as "the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) (Ninth Circuit refused to compel an international

union to produce documents belonging to local union affiliates in response to a subpoena where the international union did not have physical possession of the documents); Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D. Conn. 1989) (party controls document if it has right, authority, or ability to obtain documents on demand). "Legal right" is evaluated in the context of the facts of each case. In re Folding Carton Antitrust Litig., 76 F.R.D. 420, 423 (D. Ill. 1977). The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991). The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. Id. This position of control is usually the result of statute, affiliation or employment. Id.; In re Citric Acid Litig., 191 F.3d 1090, 1107 (9th Cir. 1999) (court cannot order production of documents held by a separate legal entity, where requested party is not in actual possession or custody of the documents.)

"Control" may be established by the existence of a principal-agent relationship. In Rosie D. v. Romney, 256 F. Supp. 2d 115, 119 (D.C. Mass. 2003), defendant state officials would be required to produce documents that were in the possession of non-party agencies. The state's Division of Medical Assistance (MDA) delegated the delivery of health services to several entities that in turn were authorized to engage subcontracted service providers. MDA's contracts required these entities to maintain books and records and gave MDA the right to examine and copy these records. There was little doubt, in light of these contractual provisions, that the state officials had the right to control and obtain the documents that were in the possession of the non-parties. In Clark v. Vega Wholesale Inc., 181 F.R.D. 470 (D. Nev. 1998), Vega sought discovery on Clark's allegations of physical injury by requesting Clark's medical records and sought to compel Vega to execute a medical release. The court denied Vega's motion, finding that Clark did not have control over the records.

Here, the documents requested inform defendants in the performance of employment duties. See Garrett v. Walker, 2007 WL 3342522, at * 3 (E.D. Cal. 2007).

1  Furthermore, "Rule 34 performs the salutary function of creating access to documentation in an
2  economical and expeditious fashion by requiring a party to produce relevant records not in its
3  physical possession when the records can be obtained easily from a third-party source." Ice
4  Corp. v. Hamilton Sundstrant Corp., 245 F.R.D. 513, 2007 WL 2436765, at *3 (D. Kan. Aug.22,
5  2007). Thus, a party who does not have actual possession of documents will be required to
6  produce them if the party "has the practical ability to obtain the documents from another,
7  irrespective of legal entitlements to the documents." Id. The court acknowledges that ordinarily
8  it is the moving party who must demonstrate the element of "control" for purposes of Rule 34,
9  but it seems manifest that documents containing information about policies relating to the
10 interaction of staff with various groups of prisoners could easily be obtained from the prison,
11 particularly where those documents and policies inform the defendants as to the performance of
12 their jobs. Therefore, defendants shall be required to produce those responsive documents that
13 are necessary to the performance of their jobs and that are easily obtained from third-party
14 sources.

15         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel is
16 granted. Defendants shall submit responsive documents to plaintiff within thirty days of the date
17 of this order.
18 DATED: November 15, 2010.

                                UNITED STATES MAGISTRATE JUDGE

22 /014;hayl3061.mtc