1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TROY HAYLES,

11            Plaintiff,                           No. 2:09-cv-3061 JFM (PC)

12        vs.

13   DR. ERICA WHEATHERFORD, et al.,

14            Defendants.                          ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is plaintiff's December 23, 2011 motion for

18   reconsideration.

19                   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

20        On December 5, 2007, plaintiff, a legally blind prisoner, was transferred to

21   California Medical Facility ("CMF") to participate in the Department of Mental Health

22   ("DMH") Psychiatric Program.  Compl. at 3.  Following his transfer, plaintiff claims Dr. Erica

23   Wheatherford, his assigned doctor, directed that plaintiff be housed on the second floor because

24   it was easier for her and in spite of a disability placement chrono requiring that plaintiff be

25   housed on the ground floor.  Id.  Plaintiff also claims that his eyeglasses, which he requires to

26   see, were deliberately left behind at the previous institution where he was housed.  Id.  Plaintiff

1

1   told staff that he could not see absent his glasses and was assured that they would be retrieved.

2   Id. at 4.

3           For the most part of January 2008, plaintiff  elected to remain in his cell and

4   forego DMH activities because plaintiff was housed on the second floor and because he had yet

5   to receive his glasses.  Compl. at 5.  Dr. Wheatherford allegedly told plaintiff that participation

6   in DMH activities was necessary in order to advance in the DMH program.  Id.  Accordingly,

7   and after being assured that he would receive staff assistance, plaintiff agreed to participate.  Id.

8           On February 18, 2008, plaintiff was released from his cell for yard / recreation.

9   Compl. at 5.  While walking down the stairs holding onto the stair rail, plaintiff experienced a

10  sharp pain in his eye causing him to let go of the rail and fall down a flight of stairs.  Id.  Plaintiff

11  sustained injuries to his elbow, shoulder and back.  Id.  Registered Nurse ("RN") Acuna

12  responded and allegedly provided inadequate medical care.  Id.

13          Plaintiff commenced this action on January 7, 2009 in the Northern District of

14  California.  On November 2, 2009, the case was transferred to this court.  Following transfer, the

15  undersigned screened the complaint and found it to state a claim as to defendants Dr.

16  Wheatherford and RN Acuna.  Doc. No. 10.

17          Throughout the course of this litigation, plaintiff has filed a number of discovery

18  motions in which he argues that defendants have repeatedly failed to produce documents

19  responsive to his discovery requests and that are within their custody and/or control.  See Doc.

20  Nos. 26, 29, 42, 50.  Plaintiff's August 12, 2010 motion to compel was granted on November 16,

21  2010, and defendants were directed to submit responsive documents to plaintiff's discovery

22  requests within thirty days of the date of the order.  On December 21, 2010, defendants instead

23  filed a motion for summary judgment.  Doc. No. 40.

24          On December 23, 2010, plaintiff filed a motion to compel defendants to comply

25  with the court's November 16, 2010 order.  An order to show cause issued, and on April 1, 2011,

26  defendants ultimately complied with the November 16, 2010 order.

On April 13, 2011, plaintiff filed an amended motion to compel, asserting that defendants' responses to his discovery requests were inadequate.  Plaintiff also requested sanctions.

On July 7, 2011, the court denied plaintiff's motion to compel and request for sanctions.  See Doc. No. 51.

On July 18, 2011, plaintiff filed a motion for extension of time to file an opposition to the motion for summary judgment.  Plaintiff stated that he had been diligently attempting to locate the documents that defendants claimed were unavailable and/or did not exist.

On July 29, 2011, the undersigned denied without prejudice defendants' motion for summary judgment.  This denial was based on plaintiff's repeated representations that defendants were withholding readily-available documents necessary for plaintiff's prosecution of this action.  Based on those representations, plaintiff was provided the opportunity to submit evidence demonstrating that the documents he seeks from defendants are indeed available.  Now, despite ample opportunity, plaintiff has failed to file any such evidence.  Instead, plaintiff filed a motion for reconsideration of this court's July 7, 2011 order denying plaintiff's request for sanctions.

Plaintiff asserts that he has attempted to obtain the documentation that he seeks by filing a grievance with CMF.  In that grievance, plaintiff sought documents that "contain, mention, or refer[] to policies on staff supervision of disabled inmates housed in [the Department of Mental Health]; also, policies on RN staff's response to injured inmates, is there an existing, documented protocol? And, are any of these documents accessable [sic] to DMH staff?"  Doc. No. 56, Attach.  Although plaintiff has shown some diligence in obtaining the documents that he seeks, he has not explained the relevance of those documents to this action.

Accordingly, on April 2, 2012, plaintiff was directed to submit a writing describing the relevance of the documents he seeks.  Plaintiff has now done so.  Doc. No. 58.

1

DISCUSSION

2          Plaintiff's claims in the complaint are premised on a violation of his Eighth

3   Amendment rights.  Plaintiff attempts to introduce the above-identified materials in order to

4   show that defendants violated prison policy and/or rules and regulations.  However, neither

5   negligence nor gross negligence is actionable under § 1983 in the prison context.  See Farmer v.

6   Brennan, 511 U.S. 825, 835-36 & n. 4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th

7   Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

8   Additionally, "[m]edical malpractice does not become a constitutional violation merely because

9   the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

10          "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

11   an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439

12   F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two

13   prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need'

14   by demonstrating that 'failure to treat a prisoner's condition could result in further significant

15   injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to

16   the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974

17   F.2d 1050, 1059 (9th Cir. 1992)).  Deliberate indifference is shown by "a purposeful act or

18   failure to respond to a prisoner's pain or possible medical need, and harm caused by the

19   indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a

20   claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a

21   claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's]

22   health...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

23          Plaintiff contends the documents he seeks are relevant to show that the defendants

24   had a legal responsibility to supervise, assist, and respond to plaintiff's safety.  Yet plaintiff need

25   not show that these defendants had a legal responsibility to assist him in order to succeed on his

26   Eighth Amendment claims.  For this reason, plaintiff's motion for reconsideration will be denied.

1    Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion for

2  reconsideration (Doc. No. 56) is denied.

3  DATED: August 9, 2012.

4

5

6

UNITED STATES MAGISTRATE JUDGE

7

/014;hayl3061.jo4

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26