IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY HAYLES,

       Plaintiff,                        No. 2: 09-cv-3061 JFM (PC)

    vs.

DR. ERICA WHEATHERFORD, et al.,

       Defendants.               <u>ORDER AND FINDINGS AND</u>

                                                    <u>RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  On October 23, 2012, defendants filed a motion for summary judgment.  On November 30, 2012, the court issued an order giving plaintiff fourteen days to file an opposition to the motion for summary judgment.  Plaintiff was instructed that failure to file an opposition would be deemed a statement of non-opposition and would result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  To date, plaintiff has not responded to defendants' motion for summary judgment or the court's November 30, 2012 order.

        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,

1

1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. The first two Ferdik factors strongly support dismissal of this action. The action has been pending for almost four years and has reached the stage for resolution of defendants' motion for summary judgment which has now been pending for almost two months. Plaintiff's failure to comply with the Local Rules and the court's November 30, 2012 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which petitioner demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court granted plaintiff ample additional time to oppose the pending motion to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at

2

1263.

Thus, it will be recommended that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

On December 11, 2009, plaintiff consented to magistrate judge jurisdiction. (See Dkt. No. 14.) To date, defendants have neither consented nor declined magistrate judge jurisdiction. Thus, a district judge will be assigned to this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign this action to a United States District Judge.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 7, 2013.

_UNITED STATES MAGISTRATE JUDGE_

14
hayl3061.fsc